*See attachment*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ALLEN COURTNEY :
    Plaintiff :
 :
v. : CIVIL NO. 1:CV-01-0923
 :
: (JUDGE KANE)
COMMONWEALTH OF PENNSYLVANIA :
et al., :
    Defendants :

FILED
HARRISBURG
JUL 2 4 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

**ORDER**

**BACKGROUND**

    Before the court is a <u>pro se</u> civil rights action filed pursuant to 42 U.S.C. § 1983. The complaint is accompanied by an application to proceed <u>in forma pauperis</u>. For the following reasons, the motion to proceed <u>in forma pauperis</u> will be granted for the purpose of filing this action only and the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

    When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may determine that process should

---

1. Section 1915(e)(2), which was created by § 804(a)(5) of the Prison Litigation Reform Act of 1995 (PLRA), provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Certified from the record
Date 7/24/01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F. 2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The plaintiff is David Allen Courtney, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania. Courtney names as defendants, the Commonwealth of Pennsylvania, J. Turgeon, Dauphin County Court of Common Pleas Judge; the Steelton Police Department; the Public Defender's Office; the District Attorney's Office and District Justice Steven Semic.

Courtney's complaint states in full:

"Steelton Police Dept. for not processing me for this crime. Public Defender's Office for ineffective assistance of counsel, counsel did not speak on my behalf. District Attorney's Office since DA had no evidence to charge me with this crime. District Justice Semic for holding this

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

2

case over to a higher court on nothing but hearsay. J. Turgeon for sentencing the defendant on this crime when they had no evidence to prove that the defendant even committed this crime at all except for hearsay from the District Attorney."

(Doc. No. 1, Complaint). For relief, Courtney seeks compensatory and punitive damages as well as to be released. Id.

## DISCUSSION

It is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). Since Courtney's complaint is clearly challenging the fact of his confinement, as well as seeking damages, his action will be construed as a combined civil rights complaint and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### § 1983

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately

3

must be paid (at least in a non-habeas suit).[3] Also, a new section was added which relates to screening complaints in prisoner actions.[4]

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[5] "The frivolousness determination is a discretionary one," and trial courts "are in the

---

3. Courtney completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden of SCI-Mahanoy to commence deducting the full filing fee from Courtney's prison trust fund account.

4. Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

5. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

4

best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Inasmuch as Courtney is seeking to recover damages for an allegedly unconstitutional imprisonment or conviction, this claim will be dismissed as legally frivolous. The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Courtney remains incarcerated as of the date of the filing of this action. The court is therefore confident that he cannot demonstrate that his conviction has been invalidated, reversed or expunged. Thus, since Plaintiff's civil rights portion of the complaint is "based on an indisputably meritless legal theory", it will be dismissed, without prejudice, as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

### § 2254

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

It is well-settled that a state prisoner must exhaust available state remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991); see also Gibson, 805 F.2d at 138.

The only exceptions to the exhaustion requirement are when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, Id.; (2) acts of state officials have, in

effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987); or (3) "inordinate delay" in state proceedings have rendered state remedies ineffective. Schandelmeier v. Cunningham, 819 F.2d 52 (3d Cir. 1986), cert. denied, 480 U.S. 938 (1987). A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Gonce v. Redman, 780 F.2d 333 (3d Cir. 1985). Moreover, exhaustion is not satisfied unless the highest state court, here the Supreme Court of Pennsylvania, has been presented with the substance of petitioner's federal claim.

While Courtney implies in his complaint that he may be innocent of the charges, there is no indication that he has attempted to challenge his conviction by seeking a writ of habeas corpus in this matter. Thus, it is clear that he has not exhausted his available state court remedies. Consequently, the habeas portion of his action will be denied as premature. An appropriate order is attached.

NOW, THEREFORE, THIS 24th DAY OF July 2001, IT IS HEREBY ORDERED THAT:

1. The above action is construed as a combined civil rights complaint pursuant to 42 U.S.C. § 1983 and a petition for writ of habeas corpus under 28 U.S.C. § 2254.

7

2. The motion to proceed <u>in forma pauperis</u> (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

3. The habeas corpus portion of Courtney's action is dismissed, without prejudice, for failure to exhaust state court remedies.

4. The civil rights portion of Courtney's action is dismissed, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[6]

5. The Clerk of Court shall close this case.

6. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

*/s/ Yvette Kane*   7/24/01

YVETTE KANE
United States District Judge

YK:dlb

---

6. The dismissal of this action does not relieve Courtney of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued on May 29, 2001, is binding on the Warden of SCI-Mahanoy and the Warden of any correctional facility to which Courtney is transferred.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

July 24, 2001

Re: 1:01-cv-00923   Courtney v. Commonwealth of PA.

True and correct copies of the attached were mailed by the clerk to the following:

David Allen Courtney
SCI-Mahanoy
DN-8154
301 Morea Road
Frackville, PA  17932

cc:
Judge                              (✓)
Magistrate Judge                   ( )
U.S. Marshal                       ( )
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )

(✓) Pro Se Law Clerk
( ) INS
( ) Jury Clerk

with N/C attached to complt. and served by:
U.S. Marshal ( )   Pltf's Attorney ( )

Standard Order 93-5                ( )
Order to Show Cause                ( )   with Petition attached & mailed certified mail
                                         to:  US Atty Gen   ( )   PA Atty Gen ( )
                                              DA of County  ( )   Respondents ( )

Bankruptcy Court                   ( )
Other _____      ( )

MARY E. D'ANDREA, Clerk

DATE: 7/24/01                              BY: _____
                                               Deputy Clerk